IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **Tenaj Hopkins,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Cause No. 4:24-cv-240 | |
| § | | |
| **Capital One,** § | | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I.**

**INTRODUCTION**

Plaintiff Tenaj Hopkins files this Original Petition against Defendant Capital One.

**II.**

**PARTIES**

1. Plaintiff is an individual and a citizen of Collin County, Texas.

2. Defendant is a corporation with its principal place of business located in Plano, Texas. Defendant may be served with process, including citation and a copy of this petition, by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.

## **JURISDICTION**

3. The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

4. Defendant employs the requisite number of employees for coverage under the relevant state laws and statutes upon which Plaintiff's claims are based.

5. This Court has jurisdiction because the causes of action assert claims of federal question under 28 U.S.C. §1331.

6. Furthermore, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

## IV.

## **VENUE**

7. Venue is proper in this District and Division because (a) Defendant's principal place of business is in Collin County, and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Collin County.

## V.

## **BACKGROUND FACTS**

8. Plaintiff is African American and started working for Defendant in May 2017.

9. From the start of her employment she was a well-regarded employee and viewed as an excellent performer.

10. Plaintiff was recognized by Defendant for her performance regularly receiving strong performance reviews and being given performance based bonuses and merit raises.

11. In December 2021 Plaintiff took a leave of absence to give birth to her second child.

12. Upon Plaintiff's return from leave she was assigned a new manager, Mr. Stephen Stice.

13. Mr. Stice is a Caucasian male.

14. Despite her having taken job protected leave due to her pregnancy, Defendant refused to return Plaintiff to her same 8 a.m. to 5 p.m. shift under her prior manager.

15. Almost immediately upon Plaintiff's return to work Mr. Stice started threatening Plaintiff with her employment making indirect threats like "don't make me fire you"; "we need to figure out a way to keep you here [referring to Plaintiff's pregnancy leave]"; and, "its good to know where everyone lives."

16. As time went on, Mr. Stice started making more direct comments about Plaintiff's pregnancy like "you know how not to get pregnant" and "in my opinion, your time off for the last year was grounds for termination."

17. Mr. Stice further made racially motivated comments like "your family would have championed the efforts of General Sherman for freeing slave" and discussing the movie "Gone with the Wind".

18.     Around the same time that Mr. Stice was making these statements, he further provided Plaintiff with a performance review where, for the first time in her career with Defendant, he rated her as "inconsistent" in a number of key performance areas.

19.     By rating Plaintiff as "inconsistent" Plaintiff was denied both a raise and a bonus. Mr. Stice further stated in Plaintiff's review that "however, since her return, [Plaintiff] has finished below expectations almost every month since her mid-year evaluation" despite the fact that Plaintiff had tracked as one of the top two performers in her department as reflected on the performance charts posted in the department.

20.     Furthermore, despite company policy requiring a representative from Human Resources signing off on the performance review, only Mr. Stice and his immediate supervisor signed the review.

21.     When Plaintiff confronted Mr. Stice about her rating, Mr. Stice stated that the rating was "because [Plaintiff] was absent last year to qualify for a raise and bonus."

22.     Plaintiff subsequently sent an email to Defendant's HR Help Center for U.S. Associates clearly stating all of the discrimination she had been subjected to by Mr. Stice.

23.     While Plaintiff had a follow up meeting with HR, no action was taken to address or remedy the issues Plaintiff raised.

24.     Thereafter, Plaintiff submitted a charge of discrimination in an effort to address her complaints of discrimination and retaliation.

25.     Thereafter, Mr. Stice simply continued making comments and threats against Plaintiff.

26.     Furthermore, in her next review, Plaintiff was again rated so as to deny her a raise and bonus.

27. Upon information and belief, employees of Defendant who are women of color and go out on pregnancy leave do not continue working for Defendant for very long after they return from their leave.

28. In fact, at least one of Defendant's employees stated to Plaintiff that she "was brave for taking maternity leave because most women of color don't make it back."

29. Furthermore, after returning from leave, Plaintiff made requests as a new mother to take a break so as to express her breast milk. Despite those requests, Mr. Stice and others never responded and no accommodation was ever made for such purpose.

30. December 2021 Plaintiff went on leave for the birth of her second child.

31. Upon returning from this leave in early 2022, however, Plaintiff was assigned to yet another supervisor, Trisha Holloway.

32. Ms. Holloway informed Plaintiff that she had been friends with Mr. Stice and that she would be "settling the score" with Plaintiff, a statement Plaintiff took as Ms. Holloway having every intention of retaliating against Plaintiff because of the complaints she made regarding Mr. Stice.

33. Shortly after Plaintiff returned Ms. Holloway undertook to scrutinize every detail of Plaintiff's work.

34. At one point, when Plaintiff was less than eight (8) minutes late for work, Ms. Holloway informed Plaintiff that she was being recorded as tardy since Defendant's policy states that anyone more than five (5) minutes late is considered such. When Plaintiff attempted to explain the situation, Ms. Holloway ignored Plaintiff and wrote Plaintiff up anyway.

35. After Plaintiff challenged this write up, the department manager agreed to rescind the write-up.

36. Approximately two weeks later, however, Ms. Holloway again wrote Plaintiff up for tardiness despite the fact that Ms. Holloway was also communicating with the team during this exact same time, that the computer system was not correctly tracking calls. Likewise, Plaintiff clearly informed Ms. Holloway that she had in fact logged in roughly 15 minutes before her scheduled work time.

37. Accordingly, instead of removing the write-up, Ms. Holloway changed the language of Plaintiff's write-up to state that Plaintiff was not "available" after clocking in despite the fact that Plaintiff was working and available as required.

38. A short time later, Plaintiff requested that the "pull-up" meeting between Plaintiff and Ms. Holloway be postponed due to Plaintiff having personal issues that made interactions with Ms. Holloway difficult to handle that day.

39. After Ms. Holloway insistence that they meet and Plaintiff requesting to postpone, Ms. Holloway then notated that Plaintiff was leaving for the day, when all Plaintiff wanted was to reschedule her "pull-up" with Ms. Holloway and Plaintiff performing all of her other duties that day.

40. Defendant's actions through Ms. Holloway and others have continued a clear effort to force Plaintiff to terminate her employment despite the acknowledgment of the excellent work she continues to provide to Defendant.

## VI.

## **CONDITIONS PRECEDENT**

41. Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission, and the Charge was dual filed with the Equal Employment Opportunity Commission pursuant to those agencies' work sharing agreement.

42. The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

43. More than 180 days have passed since the Charge was filed and Plaintiff has received a notice of a right to sue.

44. Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

**A.    Cause of Action—Sex/Pregnancy Discrimination—TCHRA and Title VII**

45. Plaintiff incorporates each of the foregoing paragraphs.

46. Defendant discriminated against Plaintiff because of Plaintiff's sex and pregnancy.

47. Plaintiff was treated differently than similarly situated males.

48. Defendant's actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

**B.    Cause of Action—Race Discrimination—TCHRA and Title VII**

49. Plaintiff incorporates each of the foregoing paragraphs.

50. Defendant discriminated against Plaintiff because of Plaintiff's race/color.

51. Defendant's actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

**C.    Cause of Action—Unlawful Retaliation—TCHRA and Title VII**

52. Plaintiff incorporates each of the foregoing paragraphs.

53. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055 and Title VII of the Civil Rights Act of 1964.

54. In response, Defendant retaliated against Plaintiff by denying her multiple raises and bonuses and giving her low performance ratings.

55. Defendant's actions violated section 21.055 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

**D.    Cause of Action—Retaliation--Family Medical Leave Act**

56. Plaintiff incorporates each of the foregoing paragraphs.

57. Defendant retaliated against Plaintiff because Plaintiff took leave under the Family Medical Leave Act ("FMLA").

58. Defendant's actions in this regard violated the FMLA.

**E.    Cause of Action—Fair Labor Standards Act ("FLSA")**

59. Plaintiff incorporates each of the foregoing paragraphs.

60. Defendant denied Plaintiff opportunities for breaks to express milk in a private setting.

61. Defendant's actions violated section 7 of the FLSA.

## VIII.

## DAMAGES

62. Plaintiff incorporates each of the foregoing paragraphs.

63. Defendant's actions violated the TCHRA, Title VII, the FMLA, and the FLSA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

64. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

65. Plaintiff seeks all damages available under the TCHRA, Title VII, the FMLA and FLSA.

## IX.

## ATTORNEYS' FEES AND COSTS

66. Plaintiff incorporates each of the foregoing paragraphs.

67. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

68. Pursuant to Texas Labor Code section 21.259, Title VII, the FMLA, and the FLSA, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## RESPONDEAT SUPERIOR

69. Plaintiff incorporates each of the foregoing paragraphs.

70. Defendant is liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XI.

## INJUNCTIVE AND EQUITABLE RELIEF

71. Plaintiff incorporates each of the foregoing paragraphs.

72. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a.    Prohibiting Defendant from engaging in unlawful discrimination;

    b.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    c.    Reinstating Plaintiff's employment with Defendant with backpay;

      d.      Paying court costs;

      e.      Any additional equitable relief as the Court deems proper.

## XII.

## JURY TRIAL

73. Plaintiff incorporates each of the foregoing paragraphs.

74. Plaintiff demands a jury trial.

## XIII.

## PRAYER

75. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, jointly and severally, awarding Plaintiff:

    A.    Back pay and front pay (including benefits);

    B.    Compensatory damages;

    C.    Punitive damages;

    D.    Reasonable attorneys' fees and expert fees;

    E.    Injunctive and equitable relief, including but not limited to, an Order:

        (i).    Prohibiting Defendant from engaging in unlawful discrimination;

        (ii).    Reinstating Plaintiff's employment with Defendant with backpay;

        (iii).    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        (iv).    Paying court costs;

        (v).    Any additional equitable relief the Court deems proper;

    F.    Courts costs;

    G.    Pre-judgment and post-judgment interest at the rate set by law; and

    H.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Mark D Downey
MARK D DOWNEY
Texas Bar No. 00793637
mdowney@dlawgrp.com
**D LAW GROUP/MARK D DOWNEY PLLC**
5308 Ashbrook
Houston, Texas 77081
214-764-7279
**ATTORNEYS FOR PLAINTIFF**